UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:04-CR-08 |
| | ) | |
| JIMMY SCOTT AND | ) | |
| CLARA SCOTT | ) | |
| | ) | |

**O R D E R**

This criminal matter is before the Court to address the appeal filed by the defendant, Clara Scott, as to certain portions of the order of the United States Magistrate Judge. [Docs. 62 and 63]. The Court will address the defendant's appeal in the same order in which the issues were raised by the defendant.

**1. CLARA SCOTT'S MOTION FOR BILL OF PARTICULARS**:

The United States Magistrate Judge denied Mrs. Scott a bill of particulars in part, but required the government to file a bill of particulars specifying the regulations allegedly violated or potentially violated by the defendants. The defendant believes this is insufficient, seeking a bill of particulars as to the "act or acts and dates of those acts the government is required to prove to establish her criminal conduct as an aider and abettor."

It is well established that a bill of particulars is not meant as a tool for the

defense to obtain detailed disclosure of all the evidence held by the government before a trial, and a defendant is not entitled to discover all the overt acts that might be proven at trial. *United States v. Salisbury*, 983 F. 2d 1369, 1375 (6th Cir. 1993). In this case, the indictment is very detailed, and the defendants have received extensive discovery, all of which gives sufficient notice to this defendant of the charges against her. Accordingly, the United States Magistrate Judge appropriately denied the defendant's motion for a bill of particulars.

**2. CLARA SCOTT'S MOTION FOR AGENTS, OFFICERS AND EMPLOYEES TO PROVIDE THEIR FILES TO THE PROSECUTION ATTORNEY**:

The defendant argues that, during the hearing on her motion, the United States Magistrate Judge informed counsel that the provisions of the pretrial order on discovery pertaining to the prosecutor's obligations under Rule 16 had been revised in this division. The defendant argues that, because the pretrial order on discovery was not objected to by the government, the order becomes the law of this case, and that the Magistrate Judge's ruling on her motion was contrary to the law of the case. This argument is ludicrous. Obviously, the order was entered by the Court, and the Court has the discretion to change its own order. Nevertheless, the United States Magistrate Judge granted the defendant's motion in part, requiring the government to affirmatively inquire of the federal agencies who investigated

the defendants herein, determine if the agencies had relevant materials, obtain those documents, and furnish copies to the defendants. The order does not go as far as the defendant would like, in that it does not require the government to inquire of and disclose materials in the custody of local, state or foreign governments or non-government third parties. To the extent the order modified the United States Magistrate Judge's earlier pretrial order, such amendment is entirely proper, and the ruling is not contrary to law.

### 3. CLARA SCOTT'S MOTION FOR NOTICE PURSUANT TO RULE 12(b)(4)(B) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE:

The United States Magistrate Judge ruled that the government should comply with Rule 12(b)(4)(B) by advising the defendant of all the Rule 16 materials which it did **not** intend to use at trial. Given the nature of this case, this means of disclosure seems entirely logical and fulfills the requirements of Rule 12(b)(4)(B).

The defendant points out that the United States Magistrate Judge did not set a date for the government to make its Rule 12(b)(4)(B) notice, and that the motion deadline has already passed. Presumably, the government will act diligently in making its notice. However, obviously, should the government not act diligently in making this notice, the defendant may seek leave from the Court to file a motion past the motion deadline.

3

**4. CLARA SCOTT'S MOTION FOR PRETRIAL DISCLOSURE OF ANY DOCUMENT THE GOVERNMENT INTENDS TO OFFER AS A PUBLIC RECORD UNDER THE FEDERAL RULES OF EVIDENCE 901, 902 OR 1005**:

Defendant represents that the United States Magistrate Judge denied this motion. This is a misrepresentation, as the Court acknowledged that the government stipulated to providing such disclosure 30 days prior to trial. Additionally, the Court ordered that the defendant make reciprocal disclosure by the same date.

**5. CLARA SCOTT'S MOTION FOR A LIST OF GOVERNMENT WITNESSES AND ADDRESSES**:

Once again the defendant misrepresents what was ordered by the United States Magistrate Judge. The United States Magistrate Judge did indeed order that a witness list be provided by all parties. Specifically, the parties were ordered to "exchange a complete list of potential witnesses prior to the opening of court on the first day of trial." Apparently, the real objection to the Court's order is to the time frame for such disclosure. However, the time frame ordered by the United States Magistrate Judge is reasonable and in keeping with the practices of this Court. The requirement for the exchange of a witness list is completely within the discretion of the Court, and this Court is of the opinion that the United States Magistrate Judge acted reasonably within that discretion.

4

**6. CLARA SCOTT'S MOTION FOR DISCLOSURE OF SPECIFIC *BRADY-KYLES* EVIDENCE**:

As to *Brady-Kyles* evidence, the defendant adopts her argument discussed hereinabove pertaining to agents, officers and employees providing their files to the prosecution attorney. Again, what the defendant actually objects to is the time frame ordered by the United States Magistrate Judge, who ordered that the government disclose exculpatory material to the defendants not less than seven days prior to the first day of trial. The time frame set forth by the United States Magistrate Judge is entirely appropriate.

**7. CLARA SCOTT'S MOTION FOR NOTICE OF THE GOVERNMENT'S INTENT TO USE OUT OF COURT DECLARATIONS AND RULE 807 HEARSAY**:

The United States Magistrate Judge ordered that the "[t]here is no rule, statute, or case of which this Court is aware that requires the government to provide such notification to the defendant, and the defendant's brief recites no authority for the pretrial disclosure." In her appeal, the defendant relies in general upon the *Rules of Criminal Procedure* and *Rules of Evidence*, citing specifically to Rule 2, 16 and 12 of the *Federal Rules of Criminal Procedure* and to Rules 102, 104, 402 and 403 of the *Federal Rules of Evidence* . The rules cited by the defendant do not require such disclosure, nor does the defendant cite to any other authority. Presumably, counsel's diligent review of the discovery materials, and

5

the witness list which will be provided, will provide sufficient materials with which to anticipate the need for objections at trial.

Accordingly, the order of the United States Magistrate Judge is **AFFIRMED**.

ENTER:

                                              s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE